IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOYCE LOFTIN, and<br>GARLAND LOFTIN,<br><br> Plaintiffs,<br><br>v.<br><br>SPECTRUM SOUTHEAST, LLC,<br>And SHANNON BLACKSTOCK<br><br> Defendants. | No. _____<br><br>**Judge**<br>**Magistrate Judge**<br><br>**JURY DEMAND** |

## SPECTRUM SOUTHEAST, LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Spectrum Southeast, LLC ("Spectrum" or "Defendant") files this Notice of Removal. As grounds for removal, Spectrum states:

**I.  The Notice of Removal Is Timely and Venue is Proper.**

1. Plaintiffs filed the Complaint on July 28, 2023, in the Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville, and the case was docketed as Case No. 23C1760.

2. As of the time of filing this Notice of Removal, Plaintiffs have only served Defendant Spectrum with a Summons and a copy of the Complaint. True and exact copies of the Summons and Complaint, as well as any other documents that Defendant has access from the Davidson County E-Filing system, are attached hereto as collective Exhibit 1.

1

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and Summons upon Defendant. Because the Complaint and the Summons has only been served on Defendant Spectrum on August 8, 2023, removal is timely.

4. Likewise, the time for Defendant Spectrum to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

## II. Diversity of Citizenship: Plaintiffs are residents of Florida, Defendants are Residents of Connecticut, Delaware, New York, and Tennessee, and the Forum Defendant Rule Does Not Apply Because the Tennessee Resident Has Not Been Served.

5. There is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(b)(1).

6. According to the Complaint, Plaintiffs are citizens and residents of Florida. Complaint, ¶ 1.

7. Defendant Spectrum Southeast, LLC is a limited liability company. *Id.* at ¶ 2.

    a. For diversity of citizenship purposes, a limited liability company has the citizenship of each of its members. *See Delay v. Rosenthal Collins, Grp., LLC*, 585 F.3d 1003 (6th Cir. 2009).

    b. Spectrum Southeast has several members and submembers, which will be reflected in a Business Entity Disclosure Form, filed within fourteen days, and should be considered as incorporated herein.

    c. For diversity of citizenship purposes, those submembers culminate in three corporations: Charter Communications, Inc., Newhouse Broadcasting Corporation, and Advance Local Holdings Corp. For diversity of citizenship purposes, a corporation "shall be deemed to be a citizen of each State and foreign state by which it has been incorporated and of the State and foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Charter

Communications, Inc., is incorporated in Delaware with its principal place of business in Connecticut. Newhouse Broadcasting Corporation is incorporated in New York with its principal place of business in New York. And Advance Local Holdings Corp. is a Delaware corporation with its principal place of business in New York.

      d.      Thus, for diversity of citizenship purposes, Spectrum Southeast, LLC, is a citizen of Delaware and Connecticut, and New York.

8.      United Services Automobile Association ("USAA") is an uninsured motorist carrier that is not named in this Action, but is served. For the purposes of jurisdiction, USAA need not be considered. *Johnson v. Hill Bros. Transp., Inc.*, 262 F. Supp. 2d 889, 891 (E.D. Tenn. 2003) (generally, "the uninsured motorist carrier will not be considered for diversity purposes").

9.      According to the Complaint, Defendant Shannon Blackstock ("Blackstock") is a citizen and resident of Tennessee. (Compl. ¶ 4.)

      a.      Normally, "[a] civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). However, removal is still proper here because Defendant Blackstock has not been properly served.

      b.      Plaintiffs attempted to serve Blackstock by certified mail. However, at the time the mail was delivered, Blackstock was at work, and Blackstock's wife received the mail not knowing what was in it.

      c.      Although service by mail is proper, the process must be personally served on the named defendant for service of process to be valid. Tenn. R. Civ. P. 4.04(10). Someone authorized to receive mail on behalf of another is not necessarily authorized to accept service of

process on that person. *See Hall v. Haynes*, 319 S.W.3d 564, 583-84 (Tenn. 2010) (agent authorized to receive mail is not necessarily authorized to accept service of process).

        d.    Blackstock never authorized his wife to accept service of process on his behalf. Thus, service of process on Blackstock was ineffective. *See Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (holding that the fact that a defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules).

10.    Based on the foregoing, there exists complete diversity of citizenship between Plaintiffs and Spectrum. Because Defendant Blackstock not been served with state court process, he need not join in this Notice of Removal. *See, e.g.*, *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003); *Carter v. Ledraplastic SPA*, 313 F. Supp. 2d 736, 737 n.2 (M.D. Tenn. 2004) (Wiseman, J.). *See also Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); 14C Charles A. Wright, Arthur R. Miller, Edward H. Cooper, J. Steinman, FEDERAL PRACTICE & PROCEDURE § 3731 (2005) ("(D)efendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal.").

11.    In sum, complete diversity of citizenship exists here because Plaintiffs allege that they are citizens of Florida, Spectrum is a citizen of Connecticut, Delaware, and New York, and Blackstock is a citizen of Tennessee. 28 U.S.C. § 1332(a)(2). Furthermore, Blackstock being a resident of Tennessee does not preclude removal under the forum defendant rule because he has not been served and properly joined.

### III. The Amount of Controversy Exceeds $75,000.

12. In addition, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See* 28 U.S.C. § 1332(a). In the Complaint, Plaintiffs seek monetary damages from Defendants in excess of $25,000.00 for her pain and suffering and medical bills. (*See* Compl. ¶¶ 22-23, Ad Damnum.) As of today, Plaintiffs have demanded reimbursement for medical bills exceeding $75,000. Courts consistently have considered pre-suit demand letters as such evidence in determining whether the amount in controversy requirement is satisfied.[1] Accordingly, Plaintiffs' claims meet and/or exceed the amount in controversy requirement provided for in 28 U.S.C. § 1332(a).

13. For the foregoing reasons, this Court has original jurisdiction of this Action pursuant to 28 U.S.C. § 1332(a)(1), as it is a matter between citizens of different states with the amount in controversy exceeding $75,000.00, exclusive of interests and costs. Removal is therefore proper under 28 U.S.C. § 1441(a), because this Court has diversity jurisdiction.

### IV. Remaining Requirements for Removal.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(c)(2) and 1441(a), because the United States District Court for the Middle District of Tennessee at Nashville is the federal judicial district embracing the Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville, where this action was originally filed.

---

[1] *Id.* at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted)); *see Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *1 (S.D. Tex. May 27, 2013) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); *Escobedo v. Marmaxx Operating Corp.*, 2009 WL 1636245, at *2 (S.D. Tex. June 10, 2009); *Molina v. Wal–Mart Stores Tex., LP*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008)).

15. A Notice of Filing Notice of Removal will be filed in the Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville, with copies served on Plaintiff's counsel, pursuant to 28 U.S.C. §§ 1446(a) and (d).

16. Based on the foregoing, Defendants respectfully request that the United States District Court for the Middle District of Tennessee accept this Notice of Removal and assume jurisdiction of this cause and issue such further order and processes as may be necessary to bring before it all parties necessary.

WHEREFORE, Defendant hereby gives notice that the above-referenced action now pending against it in the Circuit Court for Davidson County, Tennessee, has been Removed therefrom to this Court.

Respectfully submitted,

*/s/ Ryan P. Loofbourrow*
Ryan P. Loofbourrow (#33414)
Abby Parker Nix (#39365)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 744-5706
rloofbourrow@bakerdonelson.com
anix@bakerdonelson.com

*Counsel for Spectrum Southeast, LLC*

## CERTIFICATE OF SERVICE

   I certify that I forwarded a true and correct copy of the foregoing by electronic mail on this 11th day of August, 2023, to:

Brandon E. Bass, BPR #22014
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone: 615-742-4880
Facsimilie: 615-742-4881
Attorneys for Plaintiff(s)

                *s/ Ryan P. Loofbourrow*
                Ryan P. Loofbourrow